**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**                                                    **CASE NO. 8:05-cr-143-T-24MAP**

**MICHAEL A. ROSIN**
_____/

## ORDER

This matter is before the Court on Defendant Michael A. Rosin's Motion to Strike the Expert or in the Alternative for a Continuance of the Trial (doc. 45), Defendant's Corrected Supplement to the Motion to Strike (doc. 52) and Defendant's Second Supplement to the Motion to Strike or in the Alternative for a Continuance(doc. 53). The United States has filed responses in opposition (doc.47) and (doc.54).

This matter is currently set on the Court's January trial calendar with a date certain of January 9, 2006 for the start of trial. The trial had been set for a time certain of January 3, 2006, but by its order of November 1, 2005 (doc.44), the Court continued the trial for one week. The Court conducted a status of this case on November 16, 2005 at which time the Court discussed the Defendant's Motion to Strike Expert or in the Alternative for a Continuance of Trial (doc. 45). The Defendant's Second Supplement to the Motion and the Government's response had not been filed at that time. At the status, the United States was represented by Katherine Ho, and the Defendant was represented by Gregory Kehoe. Theresa M.B. Van Vliet did not attend the status.

By letter dated October 21, 2005, the Government disclosed for the first time that it anticipated calling Deborah Bir, a histotechnologist, as an expert witness at the January trial. Ms. Bir has reviewed each of the seventy biopsy slides related to the seventy counts of the Superseding indictment and has written a report regarding each slide. Ms. Bir finalized her report on October 20, 2005. The report was forwarded to the defense on October 21, 2005. The Defendant argues that this late disclosure violates the Court's Pre-Trial Discovery Order and prejudices the defendant's ability to prepare for trial. Counsel for the Defendant states that they need time to investigate the possibility of hiring their own histotechnologist to review the slides and rebut the Government's witness if the Court does not strike the witness as untimely.

At the status hearing on November 16, 2005, the United States stated that the Government had also retained Dr. Franklin Flowers to render a second opinion regarding the seventy biopsy slides and in their response to the Defendant's Second Supplement to the Motion to Strike or in the Alternative Motion for Continuance (doc. 54), the Government confirmed that Dr. Flowers had been retained, was reviewing the slides on November 17, 2005 and anticipated disclosing the results of the review during the week of November 21, 2005. The Government states that the response (doc. 54) is the "final notice of experts it intends to call at trial."

On May 12, 2005 Magistrate Judge Pizzo entered a Pretrial Discovery Order and Notice of Trial (doc. 12). In that Order, Judge Pizzo set the case for trial during the weeks beginning June 6, 2005 and ordered that the Government disclose to the Defendant a written summary of any expert testimony it intended to use in its case in chief within ten days. Needless to say, the case did not go to trial during the June trial term. Therefore, the failure to disclose expert

summaries by May 22, 2005 could not have prejudiced the defense. With that said, the Government has never sought from the Court an extension of that deadline and apparently has not even completed disclosure of its expert summaries at this date. However, striking an expert's testimony is a harsh remedy if a more reasonable remedy is available.

    Accordingly it is Ordered:

    1.  Defendant's Motion is **DENIED** in that it asks the Court to strike histology expert Deborah Bir.

    2.  Defendant's Motion is **GRANTED** in that it asks for a Continuance of the trial so that it can properly prepare for trial.  The trial in this case is continued until the Court's February trial term and set for a time certain to begin **February 6, 2006 at 9:00A.M.**

    3. The Government shall disclose to the Defendant a written summary of all testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial not later than ten (10) days from the date of this order.  This summary must describe the witnesses' opinions, the bases and reasons of those opinions, and the witnesses' qualifications as set forth in Rule 16 (a)(1)(E) of the Federal Rules of Criminal Procedure. No further extensions will be granted.

    4. The Defendant shall disclose to the Government the same information for experts it intends to use not later than thirty (30) days from the date of this order.

Done and ordered in Tampa, Florida this 18th day of November

SUSAN C. BUCKLEW
United States District Judge