UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Case No.  8:05-cr-143-T-24 MAP

MICHAEL A. ROSIN
_____/

**<u>ORDER</u>**

This cause comes before the Court on Defendant Rosin's Motion to Preclude the Testimony of Julian Kearn, or in the Alternative, a Continuance of the Defendant's Duty to Notice its Experts.  (Doc. No. 60).  The Government opposes the motion.  (Doc. No. 61).

In the Superseding Indictment, Defendant is charged with thirty-five counts of health care fraud, in violation of 18 U.S.C. § 1347, and thirty-five counts of making false statements in health care matters, in violation of 18 U.S.C. § 1035.  The charges are based on Defendant's allegedly false diagnoses of basal cell carcinoma, his performance of allegedly unnecessary Mohs surgeries based on the allegedly false diagnoses, and his subsequent claims to Medicare for payment for the surgeries.

In this motion, Defendant moves to preclude the testimony of Julian Kearn. Kearn is employed by First Coast Service Options (the third-party administrator for Medicare Part B in Florida), and he extracted Medicare claims data that underlies the Comparative Billing Report. Defendant moves to exclude Kearn's testimony because the Government provided its first notice to Defendant that it intended to introduce the testimony of Kearn relating to the extraction process on December 5, 2005.  Defendant contends that the Government's disclosure was untimely under the Court's November 18, 2005 Order, which directed the Government to

disclose to Defendant a written summary of all testimony the Government intends to use under Rule 702, 703, and 705 during its case-in-chief within ten days from the date of the Order. (Doc. No. 55).

The Government responds that Kearn's testimony is not expert testimony and that the process of extraction does not require expertise. Instead, Kearn simply pulled out, from the larger set of Medicare claims for all physicians in Florida, the data relevant to dermatologists in Florida. Furthermore, Kearn will not be testifying as to any opinions or statistical analysis. Finally, the Government responds that even if Kearn's testimony is considered expert testimony, it was timely disclosed under the Court's November 18, 2005 Order.

Upon review, the Court agrees with the Government that Kearn is not giving expert testimony, and as such, disclosure of his testimony was not subject to the Court's November 18, 2005 Order. However, even if Kearn is giving expert testimony, the disclosure of his testimony was timely, since it was made within ten business days of the Court's November 18, 2005 Order.[1] Accordingly, Defendant's motion to exclude Kearn's testimony is denied. Additionally, Defendant's alternative request for additional time in which to disclose its rebutting experts to the Government is denied.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Rosin's Motion to Preclude the Testimony of Julian Kearn, or in the Alternative, a Continuance of the Defendant's Duty to Notice its Experts (Doc. No. 60) is **DENIED**.

---

[1] Federal Rule of Criminal Procedure 45(a)(2) requires the exclusion of weekends and legal holidays in computing time periods of less than eleven days. November 24, 2005 was a legal holiday.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record