UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                       Case No.  8:05-cr-143-T-24 MAP

MICHAEL A. ROSIN
_____/

## ORDER

This cause comes before the Court on Defendant Rosin's Motion to Exclude Evidence and Testimony.  (Doc. No. 74).  The Government opposes the motion.  (Doc. No. 75).

In the Superseding Indictment, Defendant is charged with thirty-five counts of health care fraud, in violation of 18 U.S.C. § 1347, and thirty-five counts of making false statements in health care matters, in violation of 18 U.S.C. § 1035.  The charges are based on Defendant's allegedly false diagnoses of basal cell carcinoma, his performance of allegedly unnecessary Mohs surgeries based on the allegedly false diagnoses, and his subsequent claims to Medicare for payment for the surgeries.

In this motion, Defendant moves to exclude from evidence all documents provided by the Government to Defendant in its discovery letter dated January 12, 2006 as well as all testimony related thereto.  The documents attached to the January 12, 2006 letter consist of a statistical analysis done by First Coast Service Options, the third-party administrator for Medicare Part B in Florida, regarding Medicare claims submitted for reimbursement for performing Mohs surgery.  Defendant contends that the documents in the discovery letter were required to be disclosed to Defendant under the terms of the Court's November 18, 2005 Order, in which the Court directed the Government to disclose to Defendant a written summary of all testimony the

Government intends to use under Rule 702, 703, and 705 during its case-in-chief within ten days from the date of the Order.

The Government responds that at this time it does not intend to introduce the report. However, the Government states that if it does seek admission of the report, it will do so under Federal Rule of Evidence 803(6), since the report is a business record that First Coast produced for its own purposes, unrelated to this criminal case and to the criminal investigation that preceded it.

Upon consideration, the Court denies Defendant's motion.  The report is not an expert report that was required to be disclosed under the Court's November 18, 2005 Order.  Instead, the document appears to be a business record.  Additionally, to the extent that Defendant requests an extension of time to disclose expert summaries or reports, the motion is denied. Furthermore, to the extent that Defendant requests that the Court order the Government to provide Defendant with complete witness and exhibit lists and copies of any exhibits not previously identified by Bates stamp number, the motion is denied.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Rosin's Motion to Exclude Evidence and Testimony (Doc. No. 74) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record