UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:05-cr-143-T-24 MAP

MICHAEL A. ROSIN
_____/

**ORDER**

This cause comes before the Court on Defendant Rosin's Motion in Limine to Exclude the Testimony of Government Expert Witness, Dr. Pearon G. Lang.  (Doc. No. 41).  The Government opposes the motion.  (Doc. No. 42).

**I.  Background**

In the Superseding Indictment, Defendant is charged with thirty-five counts of health care fraud, in violation of 18 U.S.C. § 1347, and thirty-five counts of making false statements in health care matters, in violation of 18 U.S.C. § 1035.  The charges are based on Defendant's allegedly false diagnoses of basal cell carcinoma, his performance of allegedly unnecessary Mohs surgeries based on the allegedly false diagnoses, and his subsequent claims to Medicare for payment for the surgeries.

The Government intends to call Dr. Lang as an expert witness at trial.  Dr. Lang has been a practicing medical doctor, specializing in dermatology, since completing his dermatology residency in 1974.  During his first six years of practice, Dr. Lang estimates that he reviewed about fifty slides for diagnostic purposes per week.  Since that time, for about twenty-five years, he estimates that he has reviewed about two hundred slides per week.

Dr. Lang reviewed 148 biopsy slides and relevant patient files that government agents

seized from Defendant's office, including biopsy slides related to the surgeries identified in the Superseding Indictment. Based on his review of the biopsy specimens and patient files, Dr. Lang completed a two-page questionnaire for each specimen, opining, among other things, as to whether the specimen revealed evidence of basal cell carcinoma or any other type of cancer, and whether Mohs surgery was medically necessary based on the biopsy specimen.

At trial, the Government will seek to introduce Dr. Lang's testimony about his specific findings as to each biopsy specimen. Additionally, the Government will seek to introduce more general testimony from Dr. Lang, including testimony that will give the jury a basic understanding of basal call carcinoma and Mohs surgery. The Government will also seek to introduce testimony from Dr. Lang about the incidence of cancer and other patterns that Dr. Lang has observed in his own medical practice.

## II. Motion to Exclude Testimony

In this motion, Defendant argues that the Court should exclude the testimony of Dr. Lang because (1) it lacks the indicia of reliability required under Federal Rule of Evidence 702[1] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and (2) his opinions will mislead the jury and prejudice Defendant and should be excluded under Federal Rule of Evidence 403[2].

---

[1] Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

[2] Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

**A.  Reliability**

In determining the admissibility of expert testimony, a court "must consider whether: '(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.'"  U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(quoting City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998)).  "While there is inevitably some overlap among the basic requirements--qualification, reliability, and helpfulness--they remain distinct concepts and the courts must take care not to conflate them.  Id. (citation omitted).  Furthermore, "[t]he burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion."  Id.

When a court is faced with a proffer of expert scientific testimony, the court must determine "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."  Daubert, 509 U.S. at 592-93.  Reliable testimony is based on the methods and procedures of science rather than unsupported speculation.  See Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003)(citations omitted).

"The inquiry envisioned by Rule 702 is . . . a flexible one."  Daubert, 509 U.S. at 594.  "The focus . . . must be solely on principles and methodology, not on the conclusions that they

---

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3

generate." Id. at 595.  The expert's assurances that he has utilized generally accepted scientific methodology will not establish reliability.  See McClain v. Metabolife International, Inc., 401 F.3d 1233, 1244 (11th Cir. 2005)(citation omitted).

The Committee Note to the 2000 Amendments to Rule 702 provides that "[n]othing in this amendment is intended to suggest that experience alone--or experience in conjunction with other knowledge, skill, training or education-- may not provide a sufficient foundation for expert testimony."  However, simply because "an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable *any* conceivable opinion the expert may express."  Frazier, 387 F.3d at 1261.  Instead, "under Rule 702, the *reliability* criterion remains a discrete, independent, and important requirement for admissibility."  Id.

Defendant argues that Dr. Lang's opinions are unreliable, speculative, and lack scientific support, and that Dr. Lang simply draws conclusions from his own experience.[3]  The Government responds that Dr. Lang's will testify about (1) his specific findings as to each biopsy specimen, (2) basal call carcinoma and Mohs surgery in general, and (3) the incidence of cancer and other patterns that Dr. Lang has observed in his own medical practice.  With regards to Dr. Lang's specific findings as to each biopsy specimen, the Government argues that the standard methodology for diagnosing skin cancer is to take a biopsy and examine it, and Dr. Lang's opinions are based on his examinations of the slides and the patients' files, combined

---

[3]It appears that Defendant is not disputing that Dr. Lang is qualified, and upon review of Dr. Lang's curriculum vitae (Doc. No. 42-2), the Court finds that Dr. Lang is qualified. Furthermore, the Court finds that Dr. Lang's testimony will assist the jury in understanding the evidence in this case.

with his extensive experience as a dermatologist.

The Court rejects Defendant's argument on this issue and finds that Dr. Lang's opinions are based on reliable methodology, which includes his examinations of the slides and the patients' files and his extensive experience.  <u>See</u>, <u>e.g.</u>, <u>Schneider</u>, 320 F.3d at 406 (finding that the doctor's testimony was reliable as it was based on his experience); <u>U.S. v. Finley</u>, 301 F.3d 1000, 1009 (9th Cir. 2002)(finding the doctor's diagnosis–based on his taking the patient's history, observing the patient, psychologically testing the patient, and his years of experience and training–to be reliable).  Furthermore, the Court finds that Dr. Lang's opinions are not clearly speculative, and to the extent that they are speculative, Defendant can raise the issue on cross-examination.  Accordingly, Defendant's motion that the Court should exclude the testimony of Dr. Lang under Rule 702 and <u>Daubert</u> is denied.

### B.  Rule 403

Next, Defendant argues that the Court should exclude the testimony of Dr. Lang because his opinions will mislead the jury and prejudice Defendant.  The Court rejects this argument and finds that the probative value of Dr. Lang's testimony is not outweighed by the danger that his opinions will mislead the jury and prejudice Defendant.  Instead, the Court finds that Dr. Lang's testimony will assist the jury in understanding the evidence in this case.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Rosin's Motion in Limine to Exclude the Testimony of Government Expert Witness, Dr. Pearon G. Lang (Doc. No. 41) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record