UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:05-cr-143-T-24 MAP

MICHAEL A. ROSIN
_____/

**ORDER**

This cause comes before the Court on Defendant Rosin's Motion in Limine to Exclude the Testimony of Government Expert Witness, Dr. Franklin P. Flowers.  (Doc. No. 59).  The Government opposes the motion.  (Doc. No. 63).

**I.  Background**

In the Superseding Indictment, Defendant is charged with thirty-five counts of health care fraud, in violation of 18 U.S.C. § 1347, and thirty-five counts of making false statements in health care matters, in violation of 18 U.S.C. § 1035.  The charges are based on Defendant's allegedly false diagnoses of basal cell carcinoma, his performance of allegedly unnecessary Mohs surgeries based on the allegedly false diagnoses, and his subsequent claims to Medicare for payment for the surgeries.

The Government intends to call Dr. Flowers as an expert witness at trial.  Dr. Flowers is currently the chief of the Division of Dermatology and Cutaneous Surgery at the University of Florida College of Medicine.  He obtained his medical degree from the University of Florida in 1971, he completed his residency in dermatology in 1975, and he completed a fellowship in Mohrs micrographic surgery in 1993.  Since completing his residency in 1975, Dr. Flowers has worked in the medical field, specializing in dermatology, both as a practicing physician and as a professor.

Dr. Flowers reviewed seventy biopsy slides that government agents seized from Defendant's office and that are specifically related to the surgeries identified in the Superseding Indictment. Based on his review of the biopsy specimens, Dr. Flowers opined whether the specimens revealed evidence of basal cell carcinoma or any other type of cancer, and whether Mohs surgery was medically necessary based on the biopsy specimens.

At trial, the Government will seek to introduce testimony from Dr. Flowers about his specific findings as to each biopsy specimen. Additionally, the Government will seek to offer Dr. Flowers' opinion about the quality of the biopsy slides (he opines that the quality is extremely poor to unacceptable). The Government will also seek to offer Dr. Flowers' testimony regarding the frequency of four-stage Mohs surgeries and other patterns that he has observed in his own medical practice at the Skin and Cancer Center of the University of Florida.

## II. Motion to Exclude Testimony

In this motion, Defendant argues that the Court should exclude the testimony of Dr. Flowers regarding (1) his opinion of the quality of the biopsy slides, and (2) four-stage Mohs surgeries and other patterns that he has observed in his own medical practice at the Skin and Cancer Center of the University of Florida.[1] Defendant argues that this testimony should be excluded because (1) it lacks the indicia of reliability required under Federal Rule of Evidence 702[2] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), (2) his opinions

---

[1] Defendant does not seek to exclude Dr. Flowers' testimony regarding his specific findings as to each biopsy specimen.

[2] Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the

will mislead the jury and prejudice Defendant and should be excluded under Federal Rule of Evidence 403[3], and (3) testimony regarding his own medical practice is irrelevant to the issues in this case and should be excluded under Federal Rule of Evidence 402[4].

**A. Reliability**

In determining the admissibility of expert testimony, a court "must consider whether: '(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.'" U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(quoting City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998)). "While there is inevitably some overlap among the basic requirements--qualification, reliability, and helpfulness--they remain distinct concepts and the courts must take care not to conflate them. Id. (citation omitted). Furthermore, "[t]he burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion." Id.

---

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

[3]Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[4]Rule 402 provides: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

When a court is faced with a proffer of expert scientific testimony, the court must determine "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." Daubert, 509 U.S. at 592-93. Reliable testimony is based on the methods and procedures of science rather than unsupported speculation. See Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003)(citations omitted).

"The inquiry envisioned by Rule 702 is . . . a flexible one." Daubert, 509 U.S. at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. The expert's assurances that he has utilized generally accepted scientific methodology will not establish reliability. See McClain v. Metabolife International, Inc., 401 F.3d 1233, 1244 (11th Cir. 2005)(citation omitted).

The Committee Note to the 2000 Amendments to Rule 702 provides that "[n]othing in this amendment is intended to suggest that experience alone--or experience in conjunction with other knowledge, skill, training or education-- may not provide a sufficient foundation for expert testimony." However, simply because "an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable *any* conceivable opinion the expert may express." Frazier, 387 F.3d at 1261. Instead, "under Rule 702, the *reliability* criterion remains a discrete, independent, and important requirement for admissibility." Id.

Defendant argues that Dr. Flowers' opinions regarding the quality of the slides are unreliable, speculative, and lack scientific support, and that Dr. Flowers simply draws

conclusions from his own experience.[5]  The Government responds that the basis for Dr. Flowers' opinions regarding the quality of the slides is a visual inspection of the biopsy slides using a microscope, combined with his extensive experience as a dermatologist.

The Court rejects Defendant's argument on this issue and finds that Dr. Flowers' opinions regarding the quality of the slides are based on reliable methodology, which includes his visual inspection of the biopsy slides and his extensive experience.  <u>See</u>, <u>e.g.</u>, <u>Schneider</u>, 320 F.3d at 406 (finding that the doctor's testimony was reliable as it was based on his experience); <u>U.S. v. Finley</u>, 301 F.3d 1000, 1009 (9th Cir. 2002)(finding the doctor's diagnosis–based on his taking the patient's history, observing the patient, psychologically testing the patient, and his years of experience and training–to be reliable).  Furthermore, the Court finds that Dr. Flowers' opinions are not clearly speculative, and to the extent that they are speculative, Defendant can raise the issue on cross-examination.  Accordingly, Defendant's motion that the Court should exclude the testimony of Dr. Flowers under Rule 702 and <u>Daubert</u> is denied.

### B.  Rule 403

Next, Defendant argues that the Court should exclude the testimony of Dr. Flowers because his opinions will mislead the jury and prejudice Defendant.  The Court rejects this argument and finds that the probative value of Dr. Flowers' testimony is not outweighed by the danger that his opinions will mislead the jury and prejudice Defendant.  Instead, the Court finds that Dr. Flowers' testimony will assist the jury in understanding the evidence in this case.

### C.  Relevancy

---

[5] It appears that Defendant is not disputing that Dr. Flowers is qualified.

Next, Defendant argues that testimony concerning Dr. Flowers' practice at the University of Florida is irrelevant and should be excluded. This testimony will consist of testimony about the frequency of Mohs surgeries that require four stages and related testimony about the medical practices at the University of Florida. The Court rejects Defendant's argument that such testimony is irrelevant, since such testimony is relevant as a comparison to Defendant's practice and will help the jury assess the probability that the vast majority of Defendant's patients had cancer.

Additionally, Defendant argues that his practice is substantially different than that at the University of Florida, and as such, the testimony will likely confuse and mislead the jury. The Court rejects this argument and notes that Defendant can raise this issue on cross-examination.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant Rosin's Motion in Limine to Exclude the Testimony of Government Expert Witness, Dr. Franklin P. Flowers (Doc. No. 59) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record