UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:05-cr-143-T-24MAP

MICHAEL A. ROSIN

_____/

## ORDER

The Defendant, presumably through Fed. R. Evid. R. 1006, seeks access to "all data underlying the summary charts provided in [the government's] discovery letter dated January 12, 2006, which charts are incorporated and used in conjunction with a report provided by Lydia Rogers, a previously noticed government expert witness." *See* doc. 88.[1] The government asserts it "does not intend to introduce the report [by First Coast analyzing claims submitted by doctors performing Mohs surgery for its own administrative purposes]." Nor does the government intend "to elicit testimony about the report." *See* government response at doc. 90 at p. 2. Despite all this, the government says it will seek to offer a report that compares the Defendant's billing history with that of other dermatologists in Florida. *Id.* Moreover, the government states it disclosed that report to the Defendant on April 15, 2005. Apparently, the defense did not ask to see the underlying data for the report; irrespective, in a

---

[1] The Defendant states "[Rogers's] report and the summary charts [that are the subject of the motion] are attached as Exhibit A to the Defendant's previously filed motion to exclude testimony and evidence. (DE 74)." None of these documents, however, are attached to Document #74, which is AUSA Ho's January 12, 2006, cover letter to defense counsel (Ms. Van Vliet) enclosing "documents from First Coast Service Options (Bates numbered 3391-3522)." First Coast is the third-party administrator for Medicare Part B in Florida. Rogers is not referenced in any of these documents.

December 1, 2005, letter the government notified the Defendant the material was available for review. Accordingly, it is

ORDERED:

1. The Defendant Rosin's motion for access to underlying data (doc. 88) is DENIED.[2]

2. Whether the government's summary chart or report (as the government describes it) is admissible under Rule 1006 or some other rule of evidence is for the trial judge to decide during the course of the trial.

DONE AND ORDERED at Tampa, Florida on January 31, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Susan C. Bucklew
Counsel of Record

---

[2] This motion also sought a continuance which the district judge denied. The district judge referred that part of the motion dealing with access to documents to me for disposition. *See* doc. 94.

2